UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**TOBY JENNINGS,**

    **Plaintiff,**

vs.                                                               **10-CV-1227 JAP/LAM**

**UNIVERSITY OF NEW MEXICO
HOSPITAL,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
COUNT III OF PLAINTIFF'S COMPLAINT**

On December 22, 2010, Defendant University of New Mexico Hospital ("UNMH") filed Defendant's Motion To Dismiss Count III Of Plaintiff's Complaint (Doc. No. 5) (the "Motion to Dismiss Count III"). On January 6, 2011, Plaintiff Toby Jennings ("Plaintiff") filed Plaintiff's Response To Motion To Dismiss Count III Of Plaintiff's Complaint (Doc. No. 10) ("Response to Motion To Dismiss Count III"). On January 20, 2011, UNMH filed Defendant's Reply Memorandum For Its Motion To Dismiss Count III (Doc. No. 19) ("Reply Supporting Motion to Dismiss Count III").

On January 6, 2011, Plaintiff filed a Motion To Withdraw Federal Claims Without Prejudice (Doc. No. 11) ("Motion to Withdraw Federal Claims"). On January 20, 2011, UNMH filed Defendant's Response In Opposition To Plaintiff's Motion To Withdraw Federal Claims Without Prejudice (Doc. No. 18) ("Response to Motion to Withdraw Federal Claims"). On January 24, 2011, Plaintiff filed Plaintiff's Reply In Support Of Motion To Withdraw Federal Claims Without Prejudice (Doc. No. 23) ("Reply Supporting Motion To Withdraw Federal Claims").

The State of New Mexico has not waived its sovereign immunity from suit under the New Mexico Tort Claims Act with regard to claims for intentional infliction of emotional distress. Consequently, UNMH, as a state entity, is immune from liability for the claim of intentional infliction of emotional distress asserted in Count III of the Complaint. Thus, the Court will grant UNMH's Motion To Dismiss Count III with prejudice.

I.  Background

On November 23, 2010, Plaintiff filed her Complaint For Employment Discrimination And Retaliation ("Complaint") in the Second Judicial District Court, Bernalillo County, New Mexico against her former employer, UNMH, which is a political subdivision of the State of New Mexico. On December 22, 2010, UNMH removed the case to this Court under 28 U.S.C. § 1441, 1446(b) (removal of cases asserting claims arising under federal law). In Count I of the Complaint, Plaintiff has asserted a claim for racial discrimination and retaliation under the New Mexico Human Rights Act, NMSA 1978 § 28-1-1 et seq. In Count II of the Complaint, Plaintiff has asserted a claim for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In Count III of the Complaint, Plaintiff has asserted a claim under state tort law for intentional infliction of emotional distress.

Plaintiff filed against UNMH Charges of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau (the "Department") and with the United States Equal Employment Opportunity Commission (the "EEOC"). On September 1, 2010, the Department issued an Order of Non-determination.[1]

---

[1] Prior to filing the Complaint, Plaintiff successfully asserted a claim of discrimination and retaliation against UNMH before the New Mexico Human Rights Commission, which found that Plaintiff had proven by a preponderance of evidence that UNMH retaliated against her because of her race, African-American, in violation of NMSA 1978 § 28-1-7 (1996). The Commission determined that UNMH retaliated against Plaintiff for speaking out against racism in the workplace. UNMH has appealed the Commission's decision and has sought a trial *de novo* in *University of New Mexico v. Jennings,* Cause No. 2009-08137 in the Second Judicial District Court, Bernalillo County, New Mexico. Plaintiff alleges that UNMH further retaliated against her after filing this appeal. This lawsuit was filed in response to the alleged further retaliation.

II. Standard of Review

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

III. Discussion

As a political subdivision of the State of New Mexico, UNMH may be sued in tort only if the state has waived immunity from suit under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978 § 41-4-1 et seq. (1996). Under the NMTCA, a governmental entity is granted immunity from liability, "for any tort except as waived by Sections 41-4-5 through 41-5-12, NMSA (1978)." NMSA 1978 § 41-4-4 (A) (1996). Under the NMTCA a plaintiff may sue a governmental entity, such as UNMH, asserting tort claims such as, negligent operation of a motor vehicle; negligent operation or maintenance of a building, and negligent operation of medical facilities. NMSA 1978 §§ 41-4-6, 41-4-7, 41-4-10 (1996). However, the NMTCA does not waive immunity from liability for the tort of intentional infliction of emotional distress. *Silva v. Town of Springer, New Mexico*, 912 P.2d 304, 311 (N.M. Ct. App. 1996) (affirming dismissal

of tort claim for intentional infliction of emotional distress) (citing *M.D.R. v. State ex rel. Human Servs. Dep't*, 836 P.2d 106, 107 (N.M. Ct. App.1992). Therefore, Plaintiff's claim against UNMH for intentional infliction of emotional distress should be dismissed because this tort claim is not within a recognized exception to the immunity granted to governmental entities under the NMTCA. *See Caillouette v. Hercules, Inc.*, 827 P.2d 1306, 1311 (Ct.App.) (immunity not waived unless tort complained of falls within specifically recognized exception to Tort Claims Act), *cert. denied*, 826 P.2d 573 (1992).

In Plaintiff's Response to Motion To Dismiss Count III, Plaintiff points to her Motion To Withdraw Federal Claims (Doc. No. 11) in which she moved to withdraw this tort claim in Count III. Plaintiff asks the Court to deny UNMH's Motion To Dismiss Count III as moot, and Plaintiff asks the Court to dismiss Count III without prejudice. However, Plaintiff has not clearly specified why she has asked the Court to dismiss Count III without prejudice. Because the State of New Mexico has not waived immunity from suit for claims of intentional infliction of emotional distress under the NMTCA, UNMH, as a state entity, cannot be sued for this tort. Therefore, the Court will dismiss Count III with prejudice.

IT IS ORDERED that Defendant's Motion To Dismiss Count III Of Plaintiff's Complaint (Doc. No. 5) is granted and Count III of Plaintiff's Complaint is dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE